IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROMY MEDOVICH<br>2157 Plaza Ave NE<br>Warren, Ohio, 44438 | )<br>)<br>) | CASE NO. |
| Plaintiff, | )<br>) | JUDGE: |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| DURST ROOFING & SIDING, LLC<br>c/o Dustin Durst, Statutory Agent<br>6448 Klines Drive<br>Girard, Ohio, 44420 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| -and- | )<br>) | |
| DUSTIN DURST<br>6448 Klines Drive<br>Girard, Ohio, 44420 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Jeromy Medovich, by and through undersigned counsel, as his Complaint against

Defendants, states and avers the following:

## PARTIES.

1.  Medovich is a resident of the city of Warren, county of Franklin, state of Ohio.

2.  Durst Roofing & Siding is a domestic limited liability corporation with its principal place of

business located in Girard, Ohio.

3.  Durst is the owner, principal, and president of Durst Roofing & Siding.

## JURISDICTION AND VENUE.

4.  Defendants are domiciled in Ohio; hire citizens of the state of Ohio; and contract with

companies and persons in Ohio. As such, the exercise of personal jurisdiction over

Defendants comports with due process.

5.  Medovich performed work for Defendants in this judicial district and/or was hired out of this district.

6.  This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

7.  This action arises under 29 U.S.C. § 201 et seq. in relation to Defendants' failure to pay Medovic at least the minimum wage for work performed for Defendants. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over all related state claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and always have been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendants were registered to conduct business in the state of Ohio and/or conducted substantial business in the state of Ohio.

## FLSA COVERAGE.

9.  At all times referenced herein, Durst Roofing & Siding was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and

in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

10.   During all times material to this Complaint, Durst supervised and/or controlled Medovich's employment with Durst Roofing & Siding and acted directly or indirectly in the interest of Durst Roofing & Siding in relation to their employees.

11.   During all times material to this Complaint, Durst Roofing & Siding possessed operational control over Durst Roofing & Siding and their day-to-day operations, to include Durst Roofing & Siding s wage practices, and was an employer within the meaning of section 3(d) of the FLSA.

## STATEMENT OF FACTS.

12.   Medovich is a former employee of Durst Roofing & Siding.

13.   Medovich began his employment with Durst Roofing & Siding in or around May of 2019.

14.   At all times referenced herein, Medovich was directly supervised by Durst.

15.   Until approximately May 20, 2020, Medovich was employed by Durst Roofing & Siding as a Foreman.

16.   As a Foreman, Medovich could hire and fire other employees, and he was exempt from the overtime requirements of the FLSA.

17.   As a Foreman, Medovich was paid a salary of $1,000.00 per week.

18.   As a Foreman, Medovich was responsible for reporting the hours worked by the non-exempt, hourly workers he supervised.

19.   Throughout Medovich's employment with Durst Roofing & Siding, Durst ordered and directed Medovich to edit the time sheets of hourly employees to reflect no greater than 40 hours per week.

20.   Durst told Medovich that he wanted to pay the hourly workers their overtime in cash in order to avoid payroll taxes.

21.   After a period of time, Medovich began to hear complaints from hourly workers that they were not getting paid overtime "legally."

22.   After a period of time, Medovich learned that Durst was paying hourly workers "overtime" in the form of flat rate cash payments, rather than time and one half.

23.   Medovich came to reasonably believe that Durst was not paying hourly employees for all overtime hours worked.

24.   Beginning in 2020, Durst required Medovich to further participate in his scheme to underpay overtime by giving Medovich cash and telling him to distribute it as "overtime" to Durst Roofing & Siding's hourly employees.

25.   When Medovich gave out cash overtime payments, he was subjected to complaints and frustration from hourly workers who believed that they were not being paid properly.

26.   In or around May of 2020, Medovich complained to Durst about the overtime practices at Durst Roofing & Siding ("Overtime Complaint").

27.   As part of his Overtime Complaint, Medovich told Durst that he was not going to edit employees time entries anymore and that he was worried that what Durst was doing with respect to paying overtime was illegal.

28.   As part of his Overtime Complaint, Medovich told Durst that he disliked being yelled at by hourly workers who he was required to pay cash to.

29.   As part of his Overtime Complaint, Medovich told Durst that he believed that his ability to get the work of Durst Roofing & Siding completed satisfactorily was being undermined by employees not showing up for work due to unhappiness over their wages.

30.  Durst screamed at Medovich and told him "if you want to be the Foreman, you need to do what Foremen do."

31.  Medovich persisted in his refusal to participate in Durst's overtime scheme and volunteered to be demoted to an hourly worker if it meant no longer being responsible for alter employee's time cards and underpaying overtime.

32.  Durst and Medovich agreed that Medovich would start working the following day, May 20, 2020, on an hourly basis, at a rate of $25.00 per hour.

33.  Medovich worked approximately 30 hours between May 20, and Saturday, May 24, 2020.

34.  Durst terminated Medovich on or about May 24, 2020.

35.  Durst provided Medovich with no reason for terminating him.

36.  Defendants terminated Medovioch because he complained about Defendants unlawful overtime practices.

37.  Subsequently, Defendants failed to pay Medovich for the 30 hours he had worked as an hourly employee.

38.  Medovich contacted Durst to find out why he had not been paid for the hours he had worked as an hourly employee.

39.  Durst told Medovich he was withholding his final paycheck due to damage to a truck Medovich had been operating for Defendants in February of 2020 that was involved in an accident.

40.  An employer may not withhold an employee's pay for things like damage to property if it results in the employee being paid a sub-minimum wage; accordingly, Defendants conduct in withholding Medovich's pay violated the FLSA and the Ohio Minimum Fair Wages Standards Act ("OMFWSA").

41.    As a result of Defendants' wrongful conduct, Medovich has suffered damages.

## COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. § 207.

42.    Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

43.    Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages.

44.    At all times relevant to this action, Defendants willfully failed and refused to pay Medovich anything for the work he performed for Defendants during his employment as an hourly worker.

45.    Medovich was not exempt from the right to receive minimum wages under the FLSA during his employment as an hourly worker with Defendants.

46.    Medovich is entitled to be paid at least the minimum wage for all hours he worked under 40 in a given week.

47.    As a result of Defendants' failure to pay Medovich at all for work he performed for Defendants, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

48.    Defendants' failure and refusal to pay Medovich wages was willful, intentional, and not in good faith.

49.    Medovich is entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.

50. Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

51. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

52. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

53. Medovich was an employee of Defendants as that term is defined by the OMFWSA.

54. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111.01, et seq.

55. Defendant violated the OMFWSA with respect to Medovich by, *inter alia*, failing to pay Medovich the applicable minimum wage during his employment as an hourly worker.

56. Having violated the OMFWSA, Defendants are joint and severally liable to Medovich pursuant to O.R.C. § 4111.10 for the full amount of his unpaid minimum wages, an equal amount in liquidated damages, and for costs and reasonable attorneys' fees.

## COUNT III:  VIOLATION OF THE OHIO PROMPT PAYMENT ACT, O.R.C. § 4113.51. (Asserted Against Defendant Durst Roofing & Siding Only).

57. Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. The Ohio Prompt Pay Act ("OPPA") required Durst Roofing & Siding to pay Medovich all wages on or before the first day of each month, for wages earned by Medovich during the first half of the preceding month ending with the fifteenth day thereof, and on or before the

fifteenth day of each month, for wages earned by Medovich during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

59. Medovich was not paid all wages due within 30 days of her performing the work that entitled him to wages. *See* R.C. §4113.15(B).

60. Medovich unpaid wages remain unpaid for more than 30 days beyond his regularly scheduled payday.

61. Medovich has been harmed and continues to be harmed by Durst Roofing & Siding's acts and/or omissions as described herein and is entitled to the greater of $200.00 or an additional six percent on the total amount of wages due. See O.R.C. § 4113.15(C).

## COUNT IV: BREACH OF IMPLIED CONTRACT.

62. Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. By their actions, Defendants entered into an implied contract with Medovich whereby Medovich performed compensable work for Defendants in exchange for Defendants' promise to pay Medovich $25.00 per hour.

64. Medovich satisfied all obligations pursuant to the contract, actual and implied, by performing work for Defendants.

65. Defendants breached the contract by failing to provide Medovich with any of the compensation they promised to provide him.

66. Medovich has suffered damages as a result of Defendants' wrongful conduct.

## COUNT V: UNJUST ENRICHMENT.

67. Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. From May 20, 2020 until approximately May 24, 2020, Medovich performed work and provided services for Defendants for hourly pay.

69. Defendants acknowledged, accepted and benefited from the value provided by Medovich.

70. Pursuant to the Employment Agreement, Medovich expected to be paid $25.00 per hour for the 30 hours he worked for Defendants between May 20, 2020 and May 24, 2020.

71. Defendants failed to pay Medovich the hourly rate they promised him, or for that matter, any wages at all.

72. It would be inequitable for the Defendants to enjoy the benefit of the value provided by Medovich without compensating him as agreed.

## COUNT VI: QUANTUM MERUIT.

73. Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. As a result of Defendants requests, representations, and instructions, Medovich performed work for Defendants.

75. There was never any understanding between Medovich and Defendants that the services rendered by Medovich were gratuitous. Rather, Medovich performed these services, to the sole benefit of Defendants' business operations, in exchange for $25.00 per hour.

76. Accordingly, Medovich is entitled to recover the reasonable value of such services rendered on behalf of, and for, Defendants.

## COUNT VII: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3).

77. Medovich restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78.  Within days of Medovich's complaint about Defendants' overtime practices and refusal to participate in their unlawful scheme to deprive hourly workers of overtime, Defendants terminated Medovich.

79.  Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for an employer to retaliate against an employee who seeks to enforce his rights under the FLSA.

80.  Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Medovich because he complained about missing overtime hours.

81.  As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Medovich has suffered loss of earnings, earnings potential, raises, other significant economic benefits.

### COUNT VIII: UNLAWFUL RETALITION BASED ON PROTECTED WAGE COMPLAINTS IN VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION.

82.  Medovich restates each and every prior paragraph of this Complaint as if it were fully restated herein.

83.  Pursuant to Article II, Section 34a of the Ohio Constitution, "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

84.  Defendants termination of Medovich in response to his complaint about Defendants' overtime practices and refusal to participate in their unlawful scheme to deprive hourly workers of overtime constitutes a retaliatory adverse action against Medovich in violation of Article II, Section 34a of the Ohio Constitution.

85.  By reason of the foregoing acts of Defendants, Medovich has suffered economic and non-economic damages and has suffered from emotional distress.

86.  Pursuant to O.R.C § 4111.14(J), Medovich is entitled to "an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued," his attorneys fees, and the costs of this action.

## PRAYER FOR RELIEF.

WHEREFORE, as a result of the unlawful conduct of Defendants, Plaintiff Jeromy Medovich respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a.  Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*.;

b.  Awarding Medovich unpaid minimum wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.10.

c.  Awarding damages, including actual, general, special, incidental, statutory, treble, liquidated, economic, non-economic and consequential to Medovich in an amount to be determined at trial;

d.  Awarding pre-judgment and post-judgment interest as provided by law;

e.  Awarding reasonable attorneys' fees and costs; and

f.  Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

/s/Chris P. Wido
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: Chris.Wido@spitzlawfirm.com

*Attorney For Plaintiff Jeromy Medovich*

## JURY DEMAND

Plaintiff Jeromy Medovich demands a trial by jury by the maximum number of jurors permitted.

/s/Chris P. Wido
Chris P. Wido (0090441)

*Attorney for Plaintiff Jeromy Medovich*