## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made, and entered into, by and between Jeromy Medovich ("Plaintiff") and Durst Roofing & Siding, LLC and Dustin Durst ("Defendants"), (collectively, "the Parties"). The terms of this agreement are as follows:

**WHEREAS**, Plaintiff filed a lawsuit in the Northern District of Ohio, Eastern Division, Case No. 4:21-cv-01020-SL captioned, *Jeromy Medovich v. Durst Roofing & Siding, LLC, et al.*, (the "Lawsuit") against Defendants alleging the following causes of action: Count I – Failure to Pay Minimum Wage in Violation of FLSA, 29 U.S.C. § 2017; Count II – Violation of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03, *et seq*, Based on Failure to Pay Minimum Wage; Count III – Violation of the Ohio Prompt Payment Act, O.R.C. § 4113.51; Count IV – Breach of Implied Contract; Count V – Unjust Enrichment; Count VI – Quantum Meruit; Count VII – Unlawful Retaliation in Violation of 29 U.S.C. § 215(A)(3); Count VIII – Unlawful Retaliation Based on Protected Wage Complaints in Violation of Article II, Section 34A of the Ohio Constitution.

**WHEREAS**, Defendants vigorously deny Plaintiff's claims in the Lawsuit, the allegations in Plaintiff's Complaint, and all allegations of wrongdoing asserted by Plaintiff.

**WHEREAS**, Plaintiff and Defendants, for sound reasons and to avoid further costs, desire to resolve fully and finally Plaintiff's claims and any and all differences and claims that might otherwise arise out of Plaintiff's employment with Defendants, the separation of his employment with Defendants, and/or Plaintiff's dealings with Defendants, without making an admission of liability or wrongdoing on the part of any Party, which liability or wrongdoing is expressly denied.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants hereby acknowledge and agree as follows:

1. <u>Settlement Amount and Payments</u>. In consideration of the terms and conditions of this Agreement, Defendants agree to pay Plaintiff the total sum of $9,000.00, payable as follows:

    (a) A check for $2,401.00, minus all applicable withholdings, made payable to "Jeromy Medovich" in full satisfaction of Plaintiff's allegations of lost wages. This sum shall be paid as W-2 wages.

    (b) A check for $2,401.00, in full satisfaction of Plaintiff's other claims, including but not limited to, any claims for non-economic damages and/or liquidated damages.

    (c) A check for $4,198.00, made payable to "The Spitz Law Firm, LLC," for allegations of attorneys' fees and costs.

Plaintiff agrees that Plaintiff's receipt of the foregoing compensation constitutes complete and adequate consideration for the terms of this Agreement, and Plaintiff agrees that Plaintiff is not entitled to any further compensation or benefits of any kind from Defendants. Plaintiff agrees to indemnify Defendants and hold Defendants harmless from any interest, taxes, or penalties assessed by any governmental agency as a result of non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorney under the terms of this agreement.

{01617135-1}


EXHIBIT A

DocuSign Envelope ID: 63B24E41-9BEB-4E46-97D4-D33C16C90A0C

2. <u>Settlement Agreement in Plaintiff's Best Interest</u>. Plaintiff's counsel represents having conducted a thorough investigation into the facts of this action and diligently pursuing an investigation of Plaintiff's claims and defenses against Defendants. This included reviewing relevant documents and researching the applicable law and the potential defenses. Based on an independent investigation and evaluation, it is Plaintiff's counsel's opinion that this settlement and agreement are fair, adequate, and reasonable and are in Plaintiff's best interest (in light of all known facts, circumstances, and the risk of significant delay).

3. <u>Dismissal of Claims</u>. Upon execution of this Agreement, the Parties agree to submit a Stipulated Order Approving Settlement and Dismissing Case ("Stipulated Order"), in the form attached as Exhibit A, to the Court presiding over the Suit. This Stipulated Order shall, among other things, provide that all claims that Plaintiff has asserted against Defendants in this action are dismissed with prejudice, with each party to bear its own costs. In the event the Court does not enter this Stipulated Order, the Parties shall take whatever steps are necessary to revise this Agreement to conform with the Court's Order.

4. <u>Release of Claims</u>. In consideration of the mutual agreements and covenants set forth herein, Plaintiff hereby completely and irrevocably discharges and releases Defendants, and their officers, directors, employees, agents, members, successors, assigns, and attorneys, from any and all claims, demands, actions, causes of action, and/or liability of any kind whatsoever, including, but not limited to, any claims arising out of or in any way related, directly or indirectly, to Plaintiff's relationships with Defendants, compensation therefor, or termination thereof, including, but not limited to, any claim asserted by Plaintiff related in any way to any present legal action, as well as any claim for unpaid compensation, commissions, benefits, dividends, bonus compensation, or severance pay, wrongful discharge, discriminatory compensation practices, whistleblowing, retaliation, breach of contract, intentional or negligent infliction of emotional distress, and/or claims under the Fair Labor Standards Act, 29 U.S.C. § 206, the Ohio Minimum Fair Wage Standards Act, Chapter 4111 of the Ohio Revised Code, the Ohio Prompt Pay Act, Section 4113.15 of the Ohio Revised Code, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, the Age Discrimination in Employment Act, 29 U.S.C. § 621 (the "<u>ADEA</u>"), the Equal Pay Act, 29 U.S.C. § 206, the Employee Retirement Income Security Act, 29 U.S.C. § 1001, the Family and Medical Leave Act, 29 U.S.C. § 2601, the National Labor Relations Act, 29 U.S.C. § 151, Ohio Revised Code Chapter 4112, Sections 4113.51 and .52 of the Ohio Revised Code, Article II, Section 34A of the Ohio Constitution, and any other federal, state, or municipal fair employment practice or discrimination law, statute, or ordinance, arising at any time prior to and including the effective date of this Agreement, including, but not limited to, any claim, demand, action, charge, cause of action, and/or liability whatsoever for or on account of any and all matters that are or might have been the subject matter of or that are or might have been referred to, or in any way involved with, the facts, recitals, and circumstances incorporated by reference in this Agreement. Furthermore, Plaintiff hereby waives any claim against Defendants for attorneys' fees, expenses, and costs related to the claims, demands, actions, charges, causes of action, and/or liabilities set forth in this Paragraph. Specifically excepted from this release are the rights and obligations of Plaintiff and Defendants under this Agreement.

5. <u>ADEA Waiver.</u>

{01617135-1}

DocuSign Envelope ID: 63B24E41-9BEB-4E46-97D4-D33C16C90A0C

(a)     Plaintiff acknowledges and agrees that this Agreement includes a waiver of any rights and claims arising under the Age Discrimination in Employment Act ("ADEA"). Plaintiff understands that she is not waiving rights or claims arising under the ADEA that may arise after the Effective Date.

(b)     Plaintiff acknowledges and agrees that the consideration he is receiving in exchange for this waiver of the rights and claims specified herein exceeds anything of value to which he is already entitled.

(c)     Plaintiff acknowledges and agrees that this Agreement is written in a manner that enables him to fully understand its contents and meaning and that he is hereby advised in writing to consult with an attorney prior to executing this Agreement, that he fully understands his right to discuss all aspects of this Agreement with legal counsel, and, to the extent he deems appropriate, he has fully availed himself of this right.

(d)     Plaintiff acknowledges and agrees that he has entered into this Agreement knowingly and voluntarily with full understanding of its terms and after having had the opportunity to seek and receive advice and counsel from his attorney.

(e)     Plaintiff acknowledges and agrees that he has been given a period of at least twenty-one (21) days, beginning September 23, 2021, within which to consider this Agreement, although he may sign this Agreement at any time prior to the end of the twenty-one (21) day period. If Plaintiff decides to sign this Agreement prior to the expiration of the twenty-one (21) day period, then he knowingly, voluntarily and expressly waives his right to consider this Agreement for the remainder of the twenty-one (21) day period provided by law. Plaintiff acknowledges and agrees that he is not entitled to a greater time period under applicable law. Furthermore, Defendants and Plaintiff agree that any changes or revisions to this Agreement, whether material or immaterial, do not restart the twenty-one (21) day consideration period.

(f)     Plaintiff understands that he may revoke and rescind his release of any ADEA claims during the seven (7) days following the execution of this Agreement and that such release will not become effective until the seven (7) day revocation period has expired without your revoking it. Any such revocation must be made in writing to Dustin Durst at 6448 Klines Drive, Girard, Ohio 44420, no later than the close of business on the seventh (7th) day after Plaintiff has signed the Agreement. If Plaintiff submits such revocation, the ADEA release is rescinded. If Plaintiff submits such revocation, he further agrees that the ADEA release is rescinded but he is bound to the release of all other claims.

6.     **Full Compensation.** Plaintiff and Defendants agree that except as provided for in this Agreement, all compensation and other payments due as a result of Plaintiff's employment with Defendants have been paid in full and that Plaintiff is not entitled to any additional salary, commissions, bonuses, invested capital, or other payments whatsoever. Therefore, Plaintiff is not entitled to any further compensation or benefits beyond what is specifically set forth in this Agreement.

7.     **Confidentiality.**

DocuSign Envelope ID: 63B24E41-9BEB-4E46-97D4-D33C16C90A0C

(a) The Parties agree that the existence of and the terms of this Agreement will be kept strictly confidential and will not disclose the existence of nor the terms of this Agreement to any person, with the exceptions that Plaintiff may disclose the existence of and the terms of this Agreement to Plaintiff's immediate family, Plaintiff's attorneys, Plaintiff's tax or financial planning advisors, and to the extent compelled to do so by legal process, and Defendants may disclose the existence of and the terms of this Agreement to Defendants' attorneys, Defendants' tax or financial planning advisors, to those employees of Defendants who have a need to know, and to the extent compelled to do so by legal process. Should either Party be compelled by legal process to disclose the terms herein, that Party shall notify the other Party in writing as soon as reasonably practicable but no later than two (2) days after receipt of such subpoena, order, or other process, and will make no disclosure until the other Party has had a reasonable opportunity to protect its interest.

(b) Nothing in this Agreement prohibits Plaintiff from reporting possible violations of law or regulation to any governmental agency or entity, or any governmental agency's inspector general, or making any other disclosures that are protected under the whistleblower provisions of any applicable law or regulation.

**NOTICE OF IMMUNITY FROM LIABILITY FOR CONFIDENTIAL DISCLOSURE OF A TRADE SECRET TO THE GOVERNMENT OR IN A COURT FILING**: Notwithstanding anything herein to the contrary, under the Federal Defend Trade Secrets Act of 2016, Plaintiff acknowledges that Defendants have advised Plaintiff that Plaintiff may not be held criminally or civilly liable under any Federal or State trade secret law for Plaintiff's disclosure of a trade secret that (A) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Plaintiff acknowledges that Defendants have also advised Plaintiff that an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding if the individual files any document containing the trade secret under seal and does not disclose the trade secret except pursuant to court order. Defendants have also advised Plaintiff that nothing herein is intended, or should be construed, to affect the immunities created by the Defend Trade Secrets Act of 2016, nor will anything be construed to prevent Plaintiff from filing a charge with any state or federal agency, including, without limitation, the Securities and Exchange Commission, the Equal Employment Opportunity Commission, or any other government agency relating to Plaintiff's employment with Defendants or otherwise or participating in its investigation. Plaintiff agrees, however, that in the event that Plaintiff files or pursues any such charge, Plaintiff waives and releases all rights to receive any monetary damages or other forms of monetary relief arising from or related to such charge, except as otherwise prohibited by law. Plaintiff warrants that he has not, as of the date of executing this Agreement, filed any such charges/forms with—or reported any possible violations of law or regulation to—any governmental agency or entity, or any governmental agency's inspector general.

{01617135-1}

DocuSign Envelope ID: 63B24E41-9BEB-4E46-97D4-D33C16C90A0C

8. <u>No Public Statements.</u> No public statements, whether verbally or in writing, will be issued by either Party, their attorneys, or their tax or financial planning advisors regarding the existence of or the terms of this Agreement.

9. <u>Non-disparagement/Neutral Reference.</u> Plaintiff will not make any statement, orally, in writing, or otherwise, or in any way disseminate any information, concerning Defendants, their employees, officers, or directors (past or present), or concerning Defendants' operations, which, in any way, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon Defendants, their employees, officers, or directors (past or present), or their reputations or standing in the business community or the community as a whole. Likewise, Dustin Durst will not make any statement, orally, in writing, or otherwise, or in any way disseminate any information, concerning Plaintiff, which, in any way, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon Plaintiff. Upon inquiry from any potential employer, Defendants will provide a neutral reference for Plaintiff, indicating the services Plaintiff provided for Defendants and the dates during which he performed said services.

10. <u>Covenant Not to Sue/Cooperation.</u> Plaintiff will not initiate, assist, testify, or consult with respect to any lawsuit or charge involving or related to Defendants or any of its officers, directors, employees, consultants, agents, or representatives, unless compelled to do so by legal process, in which case Plaintiff shall notify Defendants in writing as soon as reasonably practicable but no later than two (2) days after receipt of such subpoena, order, or other process, and will make no disclosure until the other Party has had a reasonable opportunity to protect its interest. Plaintiff represents and warrants that he has not as of the date of his signature on this Agreement initiated, assisted with, testified in, or consulted with anyone with respect to any lawsuit or charge involving or related to Defendants or any of their officers, directors, employees, consultants, agents, or representatives.

11. <u>No Rehire.</u> Plaintiff agrees that the circumstances surrounding Plaintiff's relationship with Defendants are unique, that irreconcilable differences have arisen between Plaintiff and Defendants, and that as a result, Plaintiff will never be qualified to hold any position with—or perform any services for—Defendants. For these reasons, Plaintiff agrees never to seek employment with Defendants and never to seek a contract for services with Defendants. However, the parties understand and agree that this provision is only enforceable by Durst Roofing & Siding, LLC and/or its successors, affiliates, and subsidiaries, and is not enforceable by Durst in his individual capacity as an employee for a third party that he has no ownership interest in. Further, this provision shall not require Plaintiff to resign nor serve as a basis for his termination in the event Defendants merge with or acquire an employer who already employees Plaintiff at the time of any such merger or acquisition. In such an event, Plaintiff will treated the same as any other At-will employee.

12. <u>Construction.</u> This Agreement is governed by and will be construed in accordance with the laws of the State of Ohio. The terms and conditions of this agreement are the result of lengthy, intensive arms-length negotiations between the Parties and it shall not be construed in favor of, or against, either of the Parties by reason of the extent to which they participated in the drafting of this Agreement.

{01617135-1}

DocuSign Envelope ID: 63B24E41-9BEB-4E46-97D4-D33C16C90A0C

13. <u>No Admission of Wrongdoing</u>. The Parties have entered into this Agreement as a compromise to resolve disputed claims. Neither the fact of this Agreement nor any of its parts shall be construed as an admission of wrongdoing, liability, defense, or that any fact or allegation asserted by either Party was true. The Parties expressly deny any wrongdoing.

14. <u>Breach.</u> The Parties agree:

    (a) If Plaintiff commits or threatens to commit a breach of any of the provisions contained in Paragraph Numbers 8, 9, 10, and/or 11 of this Agreement, Defendants can have the provisions contained in Paragraph Numbers 7, 8, 9, and/or 10 of this Agreement specifically enforced by any court having equity jurisdiction. In the event of a breach or threatened breach of such provisions, Defendants, in addition to all other rights and remedies existing in its favor, shall be entitled to injunctive or other equitable relief from any court of competent jurisdiction in order to enforce or prevent any violations of the provisions hereof, without posting any bond or other security; and

    (b) Upon the breach of any provision of this Agreement, the non-prevailing Party in any action to enforce the terms of this Agreement will pay the prevailing Party's legal fees and other costs associated with that action.

15. <u>Incorporation of Recitals.</u> The recitals set forth at the beginning of this Agreement are incorporated into this Agreement by reference.

16. <u>Entire Agreement.</u> This Agreement is the entire agreement between the Parties and supersedes and voids all prior agreements and understandings between Defendants and Plaintiff, and this Agreement cannot be amended or modified except by a writing signed by both Parties.

17. <u>Validity.</u> The invalidity or unenforceability of any provision of this Agreement will not affect the validity and enforceability of any other provisions of this Agreement, which will remain in full force and effect.

18. <u>Declaration of Review.</u> The Parties declare that they have carefully read this Agreement, reviewed its terms with their respective counsel, and its purpose is to make a full and final adjustment and resolution of the matters addressed herein.

19. <u>Fair, Adequate and Reasonable Settlement.</u> The Parties agree that the settlement and this Agreement are fair, adequate, and reasonable.

20. <u>No Prior Assignments</u>. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Agreement.

21. <u>Compliance with Internal Revenue Code Section 409A.</u> The consideration provided under this Agreement is intended to be exempt from or in full compliance with the provisions of Section 409A of the Internal Revenue Code and this Agreement shall be administered in a manner consistent with this intent. Notwithstanding any other provisions of this Agreement, Defendants shall not be obligated to guarantee any particular tax result for Employee with respect

{01617135-1}

to any payment provided to Employee hereunder, and Employee shall be responsible for any taxes imposed on him with respect to such payment.

22. **Continuing Obligations and Benefits.** This Agreement will be binding upon and inure to the benefit of Plaintiff and his heirs, executors, and assigns, and Defendants and their officers, directors, employees, members, successors, and assigns.

IN WITNESS WHEREOF, the Parties have executed multiple copies of this Agreement, each of which shall constitute an original, but all of which, when taken together, will constitute the same document.

JEROMY MEDOVICH

Date: 9/22/2021

DUSTIN DURST

Date: 9/21/21

DURST ROOFING & SIDING, LLC

By: _____

Print Name and Title: DUSTIN DURST Member

Date: 9/21/21

{01617135-1}